[Civ. No. 9738.   Third Dist.   June 13, 1960.]

POPE AND TALBOT, INC. (a Corporation), Appellant, v. STATE BOARD OF EQUALIZATION et al., Respondents.

Graham, James & Rolph, Robert D. Mackenzie, Robert L. Harmon and Lillick, Geary, Wheat, Adams & Charles for Appellant.

Stanley Mosk, Attorney General, James E. Sabine, Assistant Attorney General, Ernest P. Goodman and John J. Klee, Jr., Deputy Attorneys General, for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment denying recovery of a sales tax paid under protest.

Appellant is a California corporation which for many years owned and operated a fleet of steamships among which was the S.S. Absaroka. Appellant and a Panamanian corporation entered into a written contract whereby appellant agreed to sell the Absaroka to the corporation. The contract expressly

provided that it was made subject to the obtaining of the required approval of the proposed sale and transfer of the registry of the Absaroka from the United States Maritime Commission. (46 U.S.C. 808.) That approval was given. The original contract provided that payment for, and delivery of, the Absaroka would be made in San Francisco. However, pursuant to amendatory agreement, payment for the Absaroka and the bill of sale therefor were exchanged in New Jersey. On the same day the Absaroka sailed from San Francisco, at the purchaser's expense and risk, to a point approximately 20 miles west of the coast of California. There a Consul of Panama accepted transfer of the registry, the American flag was taken down, the Panamanian flag hoisted, and the ship's name changed to the SS Primavista. The ship then returned to San Francisco, and sailed on the following day to Los Angeles for repairs and outfitting. Shortly thereafter the Primavista sailed to Vancouver, B. C., to load cargo. Thence sailing coastwise she put in at San Pedro to load fuel. She has not since touched a California port.

Respondent imposed a tax upon the appellant's gross receipts from the sale of the Absaroka (Rev. & Tax. Code, § 6051). This appellant paid under protest. Appellant's claim for a refund was denied and this action to recover the amount of the tax was brought.

This case is indistinguishable from that of *Matson Nav. Co. v. State Board of Equalization,* 136 Cal.App.2d 577, 585 [289 P.2d 73] (hearing by Supreme Court denied), wherein we held ''that the completed sale of an ocean-going vessel to a foreign owner, including the change of registry and flag, constitutes an exportation of the ship and that a tax levied upon the sale constitutes an impost upon an export within the meaning of article I, section 10, clause 2, of the United States Constitution and is, therefore, invalid.''

The judgment is reversed.

Peek, J., and Schottky, J., concurred.